479 F.2d 988
 5 Fair Empl.Prac.Cas. 1074,
6 Fair Empl.Prac.Cas. 1328,
5 Empl. Prac. Dec. P 8608
Vance D. KRAUSE, as Administrator of Estate of Mary R.
Krause, Appellant,
v.
SACRAMENTO INN et al., Appellees.
 No. 26685.
 United States Court of Appeals,
Ninth Circuit.
 May 10, 1973.
As Amended on Denial of Rehearing June 22, 1973.
 
 Branden E. Bickel, Berkeley, Cal. (argued), Harry B. Endsley, III, Lillick, McHose, Wheat, Adams & Charles, San Francisco, Cal., for appellant.
 L. Stephen Porter, Deputy Atty. Gen. (argued), M. Armon Cooper (argued), Evelle J. Younger, Atty. Gen., San Francisco, Cal., Bullen, McKone & McKinley, Jones, Lamb, Jarboe & Boli, Sacramento, Cal., Mitchell, Silberberg & Knupp, Los Angeles. Cal., for appellees.
 Stanley P. Hebert, Gen. Counsel, EEOC, Washington, D. C., Chester F. Relyea, EEOC, San Francisco, Cal., David W. Zugschwerdt, EEOC, Washington, D. C., for amicus curiae.
 Before ELY, CHOY, and GOODWIN, Circuit Judges.
 OPINION
 ELY, Circuit Judge:
 Mary Krause, individually and as representative of a class, initiated this action for injunctive and declaratory relief, as well as damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., against (1) corporate defendants who had, in conformity with Section 25656 of the California Alcoholic Beverage Control Act, refused to hire her or any other woman as a bartender solely because of her feminine gender and (2) the Department of Alcoholic Beverage Control and its director for enforcing the statute.[1]
 The District Court, which characterized the action as one involving the supremacy clause and federal preemption and not any specific constitutional guarantees, declined to convene a three-judge court. See Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). The court went on to hold, however, that the Twenty-first Amendment insulated section 25656 from attack under the Civil Rights Act.
 Since plaintiff did not raise the issue of equal protection, the court declined to subject its reasoning to Fourteenth Amendment scrutiny although it noted, obiter dictum, the well-established principle that a statute may be reasonable under the Twenty-first and unreasonable under the Fourteenth. E. g., Parks v. Allen, 409 F.2d 210 (5th Cir. 1969). We observe in passing that examination of this issue would not necessarily be foreclosed to our court merely because it was not presented below. When we have declined to consider issues raised by appellants for the first time on appeal, e. g., Frommhagen v. Klein, 456 F.2d 1391, 1395 (9th Cir. 1972), we have not been motivated by any jurisdictional limitation but merely by a rule of practice. Relaxation of this rule is sometimes appropriate in appeals wherein there are significant questions of general impact or when injustice might otherwise result. See id.; Toymenka, Inc. v. Mount Hope Finishing Co., 432 F.2d 722, 727 n. 10 (4th Cir. 1970); Wratchford v. S. J. Groves & Sons Co., 405 F.2d 1061, 1063 (4th Cir. 1969); Green v. Brown, 398 F.2d 1006, 1009 (2d Cir. 1968); New York, N. H. & H. R. R. v. Reconstruction Finance Co., 180 F.2d 241, 244 (2d Cir. 1950) (L. Hand, J.).
 
 
 1
 Appearing at the threshold is the question whether the proceeding below should have been heard by a three-judge district court convened pursuant to 28 U.S.C. Sec. 2281, which requires such a tribunal as prerequisite to issuance of any
 
 
 2
 "interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes . . . ."
 
 
 3
 If section 2281 governs, the cause should be remanded for the convening of a three-judge court. We are satisfied, however, that the California Supreme Court's opinion in Sail'er Inn, Inc. v. Kirby, 5 Cal.3d 1, 95 Cal.Rptr. 329, 485 P.2d 529 (1971), which removed all possibility that the federal judiciary will be called upon to invalidate the challenged state statute, has effectively mooted this question.
 
 
 4
 Our appellate jurisdiction generally attaches only to those aspects of a case that continue to present an actual case or controversy. Conversely, when a genuine controversy no longer exists at the appellate stage, and is incapable of legitimate repetition, the cause is moot and we lose jurisdiction. The invalidation of section 25656 on constitutional grounds by the California Supreme Court pending this appeal is dispositive of that issue in this court. Since the intervention of the inferior federal courts is no longer required for the declaration of the statute's invalidity, application of section 2281 is similarly unnecessary.
 
 
 5
 Accordingly, the judgment and opinion of the district court, insofar as it relates to the convening of a three-judge court and the application of section 25656 to any individual or class, is vacated as moot.
 
 
 6
 Stripped of any insulation once arguably afforded by state law, the discriminatory employment policy allegedly followed by the corporate defendants patently offended Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. See Schaeffer v. San Diego Yellow Cabs, Inc., 462 F.2d 1002, 1006-08 (9th Cir. 1972); Rosenfeld v. Southern Pacific Co., 444 F.2d 1219 (9th Cir. 1971). Since injunctive and declaratory relief are no longer needed after Sail'er Inn, supra, the sole remaining issues, if the allegations of discrimination are proved, would be the propriety of damages for back pay and the award of attorney's fees to the appellant's attorney.
 
 
 7
 The cause must be remanded for the District Court's resolution, in the first instance, of those issues.[2]
 
 
 
 [1]
 The plaintiff having died during the pendency of her suit, her administrator has been substituted as the appellant in her stead
 
 
 [2]
 Under our court's decisions in Schaeffer and Rosenfeld, supra, good faith reliance, vel non, by a defendant upon state law, if not patently invalid, is a relevant consideration. Here, it would be pertinent to the issue of back pay, as well as to the question of attorney's fees, at least as related to the attorney's services to the plaintiff in the trial court