UNITED STATES of America,
Plaintiff-Appellee,

v.

James Francis GABRIEL,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Howard Kevin PALMER,
Defendant-Appellant.

Nos. 79–1639, 79–1640.

United States Court of Appeals,
Ninth Circuit.

June 2, 1980.

Rehearing Denied Sept. 4, 1980.

Wallace, Circuit Judge, filed concurring opinion.

Richard M. Heimann, Oakland, Cal., Craig E. Weinerman, Federal Defender, San Diego, Cal., for defendants-appellants.

Hector E. Salitrero, Asst. U. S. Atty., on the brief, Michael H. Walsh, U. S. Atty., Hector E. Salitrero, Asst. U. S. Atty, argued, San Diego, Cal., for plaintiff-appellee.

* Honorable Elbert P. Tuttle, Senior United States Circuit Judge, Fifth Circuit, sitting by designation.

Before TUTTLE,* WALLACE, and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Gabriel and Palmer appeal from judgments of conviction for conspiracy to transport illegal aliens and transportation of illegal aliens, in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2). The aliens were discovered when the Border Patrol stopped appellants' two rented trucks at the truck scales near the San Clemente checkpoint. Palmer drove the first truck; Gabriel drove the second and had rented both. They seek reversal of their convictions on the grounds that evidence should have been suppressed because the agents did not have a founded suspicion to stop the first truck. They contend that a tip from an anonymous telephonic informant was insufficient to justify the stop of the first truck and that the second stop was the fruit of the first and therefore also illegal. The Government maintains first, that the telephone tip of the anonymous informant was sufficient to give founded suspicion, and second, argues for the first time on appeal that the stops were fixed checkpoint stops, so that founded suspicion was not necessary. We are persuaded by the second argument and therefore affirm both convictions without addressing the question whether founded suspicion existed.

## FACTS

On May 21, 1979, at approximately 3:00 p.m., Customs Patrol Officer James Corley received a telephone call from a woman who stated she wished to remain anonymous and identified herself as "Sally." Corley testified that the informant said that two PHD rental trucks were being loaded with people and were proceeding north towards Los Angeles through the San

Clemente checkpoint. Agent Corley then informed Border Patrol personnel in San Ysidro about the phone call, and they relayed the information to San Clemente.

At about 3:21 p. m., a Border Patrol agent driving south on Interstate 5 radioed that he had seen one PHD truck coming out of a curve three miles south of the checkpoint. When the truck reached the San Clemente checkpoint area, it followed the signs directing all trucks to the truck scales rather than the inspection lane. After the truck had cleared the scales, Agent Douthett directed it to stop in a vacant area about 10 to 15 feet past the checkpoint station by the California Highway Patrol scales. The driver of the truck, defendant Palmer, gave the agents permission to open the back of the truck. There they found a number of illegal aliens and then arrested Palmer.

As the aliens from Palmer's truck were being processed, a second PHD truck pulled into the scales. As it left the scales, Agent Clover gestured to the driver to stop, but the truck passed Clover and parked near the first truck. The driver told Agent Fullen that he was a citizen and then said that he would not mind opening the truck, but did not have the key. The agents found an unlocked door, however, and Gabriel opened it upon request. One of the people inside identified himself as an illegal alien, and the agents arrested Gabriel and the truck's front seat passenger, Gabriel's brother Daniel (not a party to this appeal).

## FIXED CHECKPOINT STOP

■ The Government argues for the first time on appeal that both stops should be upheld as fixed checkpoint stops under *United States v. Martinez-Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). In *United States v. Patrin,* 575 F.2d 708 (9th Cir. 1978), we recognized an extremely narrow exception to the principle that a federal appellate court does not consider an issue not passed on below. We may consider an issue conceded or neglected below if the issue is purely one of law and the pertinent record has been fully developed. This exception necessarily applies only

when the party against whom the issue is raised would not be prejudiced and would not have tried his case differently either by developing new facts in response to or advancing distinct legal arguments against the issue. *Id.* at 721.

■ We find that the record below shows that the Border Patrol agents in this case made a fixed checkpoint stop as a matter of law.

The record below indicates the following:

*First.* The stop of the truck at the scales was made pursuant to the directions located on the highway in the form of signs.

*Second.* The San Clemente checkpoint is co-located with the California Highway Patrol scales area.

*Third.* The truck of defendant Palmer was stopped about 10 to 15 feet past the checkpoint station in the California Highway Patrol scales area.

*Fourth.* Agent Douthett hand signaled the truck of defendant Palmer to pull over in contrast to signaling him over in a patrol car.

The truck scales are clearly within the ambit of the checkpoint. The officers who checked defendants' trucks were the same officers who checked the cars. The subjective intrusion into legitimate expectations of privacy when the trucks were stopped was no greater than the intrusion when cars are stopped at the checkpoint station a few feet away. In both instances we can note the same visible signs of the officers' authority and a relative absence of a potential for abusive or harassing stops of individuals that make roving patrol stops constitutionally infirm. *United States v. Martinez-Fuerte, supra,* 428 U.S. at 558, 559, 96 S.Ct. at 3083.

The record shows that *all* trucks are directed to the scales located adjacent to the checkpoint and that all stops of cars and trucks are made pursuant to directions located on signs on the highway. No one could reasonably expect trucks to be treated differently from cars. The stops were routine, predictable, and regular. Truckers ap-

proaching the San Clemente checkpoint are not taken by surprise as they know, or may obtain knowledge of (through carefully posted signs), the location of the checkpoint and adjacent station.

## CONCLUSION

We find that the stops of both trucks were valid "checkpoint stops" under the rule of *United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), and do not reach the issue of whether there was founded suspicion to stop the trucks.

The judgment of conviction is affirmed as to both defendants.

WALLACE, Circuit Judge, concurring:

I concur in the result reached by the majority.

I am confident that were the issue before the district judge on proper evidence, he would find that the California Highway Patrol truck scales are part of the San Clemente fixed checkpoint. I am even more confident that we would affirm that determination on appeal. However, the issue was not presented to the district judge. As the majority observes, *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978), recognizes only a narrow exception to the general principle that federal appellate courts do not consider an issue not passed upon in the trial court. *Ante* at 832.

> When the issue . . . neglected in the trial court is purely one of law and either does not affect or rely upon the factual record developed by the parties, . . . or the pertinent record has been fully developed, . . . the court of appeals may consent to consider it. The evident principle underlying this exception is that the party against whom the issue is raised must not be prejudiced by it.

*United States v. Patrin, supra*, 575 F.2d at 712 (citations omitted). I do not find that this issue comes within that narrow exception.[1]

In holding that the scales are part of the fixed checkpoint stop as a "matter of law," the majority relies on facts in the record. *Ante* at 832. A holding relying on facts in the record falls within the *Patrin* exception only if the record has been fully developed. I am not convinced that the record has been so developed or that there could be no prejudice to Gabriel and Palmer by considering this issue first on appeal. Because the issue was not raised in the district court, they did not have reason to attempt to rebut the evidence relied upon by the majority. Certainly Gabriel and Palmer are not required to anticipate and lay a factual foundation to counter every possible issue a prosecutor could raise on appeal. While they were clearly not prejudiced by the introduction of the evidence upon which the majority relies, they may have been prejudiced by the fact that they did not introduce evidence to rebut the fixed checkpoint theory at the suppression hearing.

Even if the record were fully developed and there were no prejudice to Gabriel and Palmer, the consideration of the new theory on appeal is discretionary. Where, as here, the government offers no reason for not raising the issue in the district court, I would not exercise this court's discretion to consider it on appeal.

Although I would not consider the fixed checkpoint issue, I come to the result reached by the majority in this case. The finding of founded suspicion by the district judge is obvious as to Gabriel, and I conclude that it was not clearly erroneous as to Palmer. *See United States v. Cortez*, 595 F.2d 505, 507 (9th Cir. 1979), *cert. grant.* —— U.S. ——, 100 S.Ct. 2983, 65 L.Ed.2d ——.

---

1. Nor is the issue (1) one recently come to light during the pendency of the appeal because of an interim change in the law, *United States v. Patrin*, 575 F.2d 708, 712; (2) jurisdictional, *In re U. S. Financial, Inc.*, 594 F.2d 1275, 1282 (9th Cir. 1979); (3) one which will result in a mani-fest miscarriage of justice if review is not granted, *Roberson v. United States*, 382 F.2d 714, 718 n.2 (9th Cir. 1967); or (4) a significant question of general importance, *Krause v. Sacramento Inn*, 479 F.2d 988, 989 (9th Cir. 1973).