**PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellant,**

v.

**Concepcion OKADA, Defendant-Appellee.**

No. 80–1233.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1980.

Decided April 9, 1981.

R. Barrie Michelsen, Agana, Guam, for plaintiff-appellant.

Howard Trapp, Trapp, Gayle, Teker, Lacy, Yamoaka & Schnabel, P. C., Agana, Guam, for defendant-appellee.

Before SKOPIL, FLETCHER and PREGERSON, Circuit Judges.

FLETCHER, Circuit Judge:

Concepcion Okada was convicted in the Superior Court of Guam on a charge of delivering heroin. The appellate division of the District Court of Guam reversed the conviction and dismissed the indictment, holding that Okada's due process rights had been violated by the government's failure to preserve certain discoverable evidence. The People of the Territory of Guam brought this appeal, and Okada moved to dismiss on the ground that Guam lacks statutory authority to appeal from the appellate division of the District Court of Guam's reversal of a conviction. We postponed consideration of Okada's motion until such time as the case was heard on the merits. We now grant Okada's motion and dismiss this appeal for lack of jurisdiction.

## I

It has long been established that the government may not appeal in a criminal case in the absence of express statutory authority. *United States v. Wilson,* 420

U.S. 332, 336, 95 S.Ct. 1013, 1018, 43 L.Ed.2d 232 (1975); *Carroll v. United States*, 354 U.S. 394, 400, 77 S.Ct. 1332, 1336, 1 L.Ed.2d 1442 (1957); *United States v. Sanges*, 144 U.S. 310, 318, 12 S.Ct. 609, 612, 36 L.Ed. 445 (1892). The Supreme Court has explained that " 'appeals by the Government in criminal cases are something unusual, exceptional, not favored,' . . . at least in part because they always threaten to offend the policies behind the double jeopardy prohibition." *Will v. United States*, 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967) (quoting *Carroll*, 354 U.S. at 400, 77 S.Ct. at 1336). The rule prohibiting government appeals except where expressly authorized by statute extends "over and above the constitutional protection against double jeopardy," however. *DiBella v. United States*, 369 U.S. 121, 130, 82 S.Ct. 654, 659, 7 L.Ed.2d 614 (1962). Although Guam's appeal would not violate the double jeopardy clause,[1] we must nevertheless dismiss for lack of jurisdiction unless Guam can show that its appeal is expressly authorized by statute.

## II

■ 28 U.S.C. § 1291 (1976) grants this court jurisdiction over "all final decisions of . . . the District Court of Guam . . . except where a direct review may be had in the Supreme Court." However, section 1291 alone does not provide necessary authority for government appeals in criminal cases. *DiBella v. United States*, 369 U.S. 121, 130, 82 S.Ct. 654, 659, 7 L.Ed.2d 614 (1962); *Umbriaco v. United States*, 258 F.2d 625, 626 (9th Cir. 1958); *Virgin Islands v. Hamilton*, 475 F.2d 529, 531 (3d Cir. 1973). *Hamilton* provides a close parallel to the present case. The District Court of the Virgin Islands had reversed a criminal conviction, and the Government of the Virgin Islands brought an appeal to the Third Circuit. The Third Circuit rejected the suggestion that section 1291, standing alone, authorized the Virgin Islands' appeal. Finding no other statutory authorization for the appeal, the court dismissed for lack of jurisdiction.

■ Guam points out that the Third Circuit, after reaching this result, noted that its conclusion was

> reinforced by the fact that under the local law of the Virgin Islands the defendant alone has the right in a criminal case to appeal to the district court from a judgment of the municipal court. 4 V.I.C. § 33.

475 F.2d at 531. Guam contends that this case is distinguishable from *Hamilton* because Guam, unlike the Virgin Islands, has authorized the government to appeal from some superior court judgments in criminal cases. *See* Guam Crim.Proc. Code § 130.-20(a) (1977).[2] In Guam's view, once the government has received statutory authority to appeal certain judgments to the District Court of Guam, no further authority is required for similar appeals to this court.

We disagree. First, Guam Crim.Proc. Code § 130.20(a) (1977) purports only to authorize appeals to the District Court of Guam. Guam concedes that section 130.-20(a) does not expressly authorize appeals from orders of the District Court. Section 130.20(a) thus does not provide the "express statutory authority" required for a government appeal in a criminal case.

---

1. Since "reversal on appeal would merely reinstate the jury's verdict, . . . it is well settled that an appellate court's order reversing a conviction is subject to further review even when the appellate court has ordered the indictment dismissed and the defendant discharged." *United States v. Wilson*, 420 U.S. at 344–45, 95 S.Ct. at 1022.

2. Guam Crim.Proc. Code § 130.20(a) (1977) provides that:

> An appeal may be taken by the government from any of the following:

> (1) An order granting a new trial.
> (2) An order arresting judgment.
> (3) An order made after judgment, affecting the substantial rights of the government.
> (4) An order modifying the verdict on finding by reducing the degree of the offense or the punishment imposed. [*sic*]
> (5) An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.

■ Furthermore, we find that the Guam Legislature has no power to authorize appeals from orders of the District Court. Congress has explicitly delegated to the Guam Legislature the power to determine the appellate jurisdiction of the District Court of Guam. 48 U.S.C. § 1424(a) (Supp.1979); see Guam v. Olsen, 431 U.S. 195, 200–01, 97 S.Ct. 1774, 1777–78, 52 L.Ed.2d 250 (1977). The Guam Legislature has exercised this power by enacting Guam Crim.Proc. Code § 130.20(a) (1977), authorizing the government to bring appeals to the District Court in certain limited classes of cases. Congress has not, however, delegated to the Guam Legislature any power to determine the jurisdiction of the Ninth Circuit Court of Appeals. Section 130.20(a) thus could not provide authority for the government's appeal, even if the Guam Legislature intended it to do so.[3] Our jurisdiction over appeals from the District Court of Guam, as over other matters, can be determined only by Congress. *Corn v. Guam Coral Co.*, 318 F.2d 622, 627 (9th Cir. 1963). Because Congress has not expressly authorized Guam's appeal in this case,[4] we must dismiss for lack of jurisdiction.

Guam argues that decisions of the District Court of Guam should, as a matter of policy, be reviewable in this court. Guam correctly points out that its District Court is a territorial court, created under the authority of article IV, section 3 of the Constitution rather than under the authority of article III. *Guam v. Olsen*, 431 U.S. at 196 n.1, 97 S.Ct. at 1776 n.1.[5] We recognize that the Supreme Court has been reluctant to find "foreclos[ure of] appellate review by Art. III courts . . . of decisions of territorial courts that may turn on questions of federal law." *Id.* at 201, 97 S.Ct. at 1778. In cases which do not raise double jeopardy concerns, this consideration clearly weighs in favor of allowing Guam to appeal from the reversal of a conviction. But

> [i]f there is a serious need for [such] appeals . . ., it is the function of the Congress to decide whether to initiate a departure from the historical pattern of restricted appellate jurisdiction in criminal cases. We must decide the case on the statutes that exist today . . .

*Carroll v. United States*, 354 U.S. 394, 407–08, 77 S.Ct. 1332, 1340, 1 L.Ed.2d 1442 (1957); see *Arizona v. Manypenny*, 608 F.2d 1197, 1200 (9th Cir. 1979), *cert. granted*, 445 U.S. 960, 100 S.Ct. 1644, 64 L.Ed.2d 234 (1980). Guam's appeal is not authorized by statute, and must be dismissed.[6]

APPEAL DISMISSED.

---

**3.** Even if we were to find that Guam Crim.Proc. Code § 130.20(a) (1977) should be extended to cover appeals from the District Court of Guam,

> adoption of [Guam] law in this case does not aid [Guam's] case. As previously noted, the prosecution may appeal only where authorized to do so by statute. [citations] Adoption of [Guam] law as the federal rule would not meet this requirement of statutory authorization, for such a federal rule would be a "common law" rule, even if based upon a [Guam] statute.

*Arizona v. Manypenny*, 608 F.2d 1197, 1200 (9th Cir. 1979), *cert. granted*, 445 U.S. 960, 100 S.Ct. 1644, 64 L.Ed.2d 234 (1980). In *Manypenny* we held that a state statute could not authorize a state to appeal from the reversal of a conviction in federal court.

We do not reach the question of whether Congress could, by statute, delegate to the Guam Legislature or the legislatures of the states the power to authorize appeals by the government from orders of the district courts. As is noted in the text, Congress has not delegated such power here.

**4.** We note that Guam's appeal is not authorized by the Criminal Appeals Act, 18 U.S.C. § 3731 (1976), since "it is manifest that § 3731 is limited by its own terms to appeals by the United States as a prosecuting entity." *Arizona v. Manypenny*, 608 F.2d 1197, 1199 (9th Cir. 1979), *cert. granted*, 445 U.S. 960, 100 S.Ct. 1644, 64 L.Ed.2d 234 (1980).

**5.** Guam also expresses concern that judges of the District Court of Guam "are appointed in a process which does not include approval, nomination, or confirmation by either the Government, the Legislature, or the People of Guam." Since the judges of this court are likewise appointed without Guam's participation, we fail to see how permitting appeals to this court would alleviate Guam's concern.

**6.** In dismissing the appeal, we do not reach the merits of appellant's case. We note, however, that the defendant raised two grounds for reversal not presented to the trial court: that the indictment should have been dismissed for the government's failure to produce certain tapes, and that the indictment should have been dis-

missed for speedy trial violations. The Appellate Division of the District Court of Guam dismissed the indictment on the first ground, ignoring the general rule that an appellate court does not consider issues raised for the first time on appeal. This rule is merely a rule of practice, however, and can be relaxed where, for example, significant questions of general impact are raised; injustice might otherwise result; plain error has occurred; resolution of the new issue is purely a matter of law and does not rely upon the factual record developed by the parties; or a new theory has first come to light during the pendency of the appeal because of a recent change in the law. *See United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978); *Krause v. Sacramento Inn*, 479 F.2d 988, 989 (9th Cir. 1973). Thus, although the Appellate Division may have been justified in addressing the issue not raised before the trial court, in the future we encourage the court to articulate its reasons for doing so on the record so that the trial court and the parties understand the court's rationale for departing from the general rule.