FERGUSON, Circuit Judge:
On February 12, 1979, Edward W.W. Howell, d/b/a Howell Electric Company (“Howell”), filed a petition for reorganization under Chapter 11 of the Bankruptcy Act, 11 U.S.C. § 1101 et seq. On June 22, 1979, the California State Board of Equalization (“Board”) filed a priority claim in the proceeding for sales and use tax. The bankruptcy court disallowed the Board’s claim, ruling that the California Sales and Use Tax impermissibly discriminated against contractors doing business with the United States Government, and thus was unenforceable. The Board appealed this decision to the district court. The district court reversed, finding that no unconstitutional discrimination against federal contractors existed, and Howell appeals. We affirm the district court.

Background

The taxes in dispute are those which the Board claims are due pursuant to Sales and Use Tax Regulation No. 1521, Cal.Admin. Code tit. 18, R. 1521. This regulation governs the taxation of construction contractors. The regulation distinguishes between three types of tangible personal property typically used or-installed on a construction project — materials, fixtures, and machinery and equipment. Under the regulation, both United States and private contractors are treated as retailers of machinery and equipment and as consumers of materials. With respect to fixtures, however, the regulation provides for dissimilar treatment of United States and private contractors. United States contractors are classified as consumers of fixtures, and therefore the tax applies to the sale of the fixtures from the supplier to the contractor. Private contractors, on the other hand, are classified as retailers of fixtures; thus, the tax applies to the transfer of fixtures to the project owner rather than to the sale of the fixtures to the contractor. Howell claimed below that this distinction impermissibly discriminates against federal contractors. The bankruptcy court agreed, and additionally ruled that the regulation’s taxation of materials also discriminated against federal contractors because nonfederal contractors could reimburse themselves for the tax they were charged on materials by adding the tax to the overall cost passed on to the owner, whereas the federal contractor could not compel the federal government to pay the amount representing the sales tax.
The district court reversed the bankruptcy court’s ruling as to the tax on materials, holding that, contrary to the bankruptcy court’s conclusion, a federal contractor could constitutionally pass on the materials tax to the United States as part of its overall costs of performance, just as a non-federal contractor could pass on the tax to its project owner, and thus there was no impermissible discrimination. The district court also reversed the bankruptcy court’s ruling as to the tax on fixtures, holding that the California fixtures tax did not place a heavier economic burden on the federal contractor than that borne by a similarly situated nonfederal contractor.
On appeal to this court, Howell advances new grounds to support its contention that the California Sales and Use Tax scheme is unconstitutional: (1) the California tax im-permissibly levies a direct tax upon the United States Government;[1] (2) the State Board of Equalization exceeded its statutory authority in adopting a regulation which makes federal contractors “consumers” of tangible personal property that is ultimately resold to the United States; and (3) the California tax impermissibly discriminates between those contractors who sell tangible personal property to the United States in the course of performing construction contracts and those contractors who sell tangible personal property to the United States without installing it.
ANALYSIS
1. Scope of Review
The Board contends that Howell has abandoned the position taken before both the bankruptcy court and the district court and, therefore, there are no issues properly *627 presented for appellate review. In most circumstances, a federal appellate court will not consider an issue not passed upon below. Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); Helm v. California, 722 F.2d 507, 510 (9th Cir.1983). However, the rule of waiver is one of discretion rather than jurisdiction, and the Ninth Circuit recognizes an exception under which an appellate court will review an issue not previously raised in the district court. Telco Leasing, Inc. v. Transwestern Title Co., 630 F.2d 691, 693 (9th Cir.1980). The court will consider an issue conceded or neglected below if the issue is purely one of law and the pertinent record has been fully developed. United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978). The rule of waiver may also be relaxed when there are significant questions of general impact or when injustice might otherwise result. Krause v. Sacramento Inn, 479 F.2d 988, 989 (9th Cir. 1973).
The issue presented to us for review — the constitutionality of the California Sales and Use Tax as applied to federal contractors — is a question of law. Additionally, the decisions of both the bankruptcy court and the district court were based primarily on a stipulation of facts between the parties and the pertinent record on the issues raised by Howell is fully developed. We thus exercise our discretion to reach the issues raised by Howell on appeal.
2. Does the California Sales and Use Tax Levy a Direct Tax upon the United States Government?
Howell’s position before the bankruptcy court and the district court that the California Sales and Use Tax impermissibly discriminated against federal contractors became untenable in light of the Supreme Court’s recent decision in Washington v. United States, 460 U.S. 536, 103 S.Ct. 1344, 75 L.Ed.2d 364 (1983). In Washington, a state statute imposed a sales tax on the sale of materials to federal contractors, but with regard to nonfederal construction projects, the tax was imposed on the project owner. Id. at 1347. The United States argued that the statutory scheme discriminated against federal contractors in violation of the Supremacy Clause. Id. The Supreme Court rejected the United States’ position, holding that the tax was not discriminatory with regard to the economic burdens that resulted, because federal contractors could pass the tax on to the federal government when they set their price. Id. at 1348 n. 4. The Court held that it was sufficient that federal contractors had the opportunity to pass on the tax to the United States; it was not required that they actually do so. Id. at 1349.
Faced with the result in Washington, Howell retreated from the position taken in the lower courts and now claims that the California Sales and Use Tax is unconstitutional because it levies a direct tax upon the United States. This contention, however, has been consistently rejected by the Supreme Court and this circuit. The Supreme Court implicitly approved the constitutionality of a federal contractor “passing on” the tax to the United States in the reasoning of Washington, see 103 S.Ct. at 1348 n. 4, and has expressly upheld its constitutionality in many cases. See United States v. New Mexico, 455 U.S. 720, 734, 102 S.Ct. 1373, 1382, 71 L.Ed.2d 580 (1982) (“immunity may not be conferred simply because the tax has an effect on the United States, or even because the Federal Government shoulders the entire economic burden of the levy____ The Government’s right to be free from state taxation ‘does not spell immunity from paying the added costs, attributable to the taxation of those who furnish supplies to the Government and who have been granted no tax immunity.’ ”) (quoting Alabama v. King & Boozer, 314 U.S. 1, 9, 62 S.Ct. 43, 45, 86 L.Ed. 3 (1941)); United States v. Boyd, 378 U.S. 39, 44, 84 S.Ct. 1518, 1521, 12 L.Ed.2d 713 (1964) (“The Constitution ... does not forbid a tax whose legal incidence is upon a contractor doing business with the United States, even though the economic burden of the tax, by contract or otherwise, is ultimately borne by the United States.”). See also United States v. California State Board of Equalization, 650 F.2d 1127, 1131 (9th Cir.1981) (“The constitution only prohibits the state from levying a tax on *628 the United States; it does not prohibit the state from enacting a taxing scheme whose effect is to increase prices paid by the United States.”), affd, 456 U.S. 901, 102 S.Ct. 1744, 72 L.Ed.2d 157 (1982).
The cases cited by Howell[2] to demonstrate instances in which taxes have been struck down as direct taxes on the United States are inapposite. Each of those cases involved the taxation of a direct transaction between the United States and some instrumentality. In each instance, the court found that the “legal incidence” of the tax fell upon the United States and thus was impermissible. Here, the transaction between Howell and the United States is not taxed at all; the tax is imposed on the transfer of property from a supplier to Howell. Thus, even if Howell is correct in its assertion that the legal incidence of the tax falls on the vendee rather than the vendor in the taxed transaction, the implication of its argument is that the legal incidence falls on Howell rather than on the supplier, not that the legal incidence falls on the United States.[3]
3. Is There Statutory Authorization for Treating Federal Contractors as Consumers of Fixtures?
Howell contends that Regulation 1521, which classifies federal contractors as consumers of materials and fixtures, is an invalid regulation because there is no statutory authority for classifying a federal contractor as a consumer. We find this argument to be without merit. There are two sections of the California Revenue and Taxation Code which provide for taxation of United States contractors. Section 6007.5 provides:
A sale of tangible personal property to a contractor or subcontractor for use in the performance of contracts with the United States for the construction of improvements on or to real property in this State is a retail sale. The gross receipts from such a sale or the sales price of property so sold shall be included in the measure of the taxes. imposed by this part.
Section 6384 provides:
Notwithstanding any other provision of law, the tax imposed under this part shall apply to the gross receipts from the sale of any tangible personal property to contractors purchasing such property either as the agents of the United States or for their own account and subsequent resale to the United States for use in the performance of contracts with the United States for the construction of improvements on or to real property in this state.
Thus, whether the sale between a supplier and a federal contractor is one in which the property will first be resold to the United States and then used in the performance of a contract, or first incorporated into the project and then sold as a “package” to the United States, the California statutory scheme taxes the transaction between the supplier and the federal contractor as a retail sale. Therefore, the classification of the federal contractor in Regulation 1521 as a “consumer” in such a retail transaction is not inconsistent with the statute. And, as pointed out by the Board, since the regulation accurately describes the tax consequences of the California Sales and Use Tax, the particular word chosen to describe the contractor is immaterial.
4. Is There a Rational Basis for Distinguishing Between Contractors Who “Sell” Tangible Personal Property to the United States in the Course of Performing a Construction Contract and Those Who Transfer Similar Property Without Attaching It to Realty?
Howell finally argues that there is no rational basis for distinguishing between United States contractors who make *629 improvements to real property and those who simply transfer property to the United States without attaching it to realty. The State, however, has broad discretion in making classifications in a system of taxation. “Where taxation is concerned and no specific federal right, apart from equal protection, is imperiled, the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation.” Lehn-hausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973) (footnote omitted). The fact that use in a construction project changes the form of property otherwise sold on an outright item-by-item basis provides a rational basis for the state to distinguish between the two types of transfers.
CONCLUSION
The California Sales and Use Tax, as applied to federal contractors, does not levy a direct tax upon the United States. Further, Regulation 1521 is not inconsistent with the California statutory scheme and does not impermissibly discriminate between contractors who make improvements to real property and those who transfer similar property without attaching it to realty. The district court is AFFIRMED.

. Howell referred to this issue in its pretrial statement before the bankruptcy court, but it was not argued before either the bankruptcy court or the district court.

. Diamond National v. State Board of Equalization, 425 U.S. 268, 96 S.Ct. 1530, 47 L.Ed.2d 780 (1976); United States v. California State Board of Equalization, 650 F.2d 1127 (9th Cir.1981), aff’d, 456 U.S. 901, 102 S.Ct. 1744, 72 L.Ed.2d 157 (1982); United States v. State Board of Equalization, 536 F.2d 294 (9th Cir.1976).

. Thus, it is not necessary to resolve the issue whether state or federal law governs this determination. The federal cases cited by Howell do not support its contention.