26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jackie M. SULLIVAN, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General; U.S. Postal Service,
Defendants-Appellees.
 No. 93-35823.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 19, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jackie M. Sullivan appeals the district court's denial of her motion for reconsideration following summary judgment in favor of Postmaster Anthony Frank and the United States Postal Service (collectively USPS) in her action alleging sex and age discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (Title VII), and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. (ADEA). Sullivan contends that, when granting the summary judgment motion, the district court misconstrued the applicable statute and failed to recognize that issues of material fact remained unresolved. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). The party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material fact.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Lindahl, 930 F.2d at 1437 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)) (quotation marks omitted).
 
 
 4
 Disparate treatment claims under Title VII and the ADEA are analyzed under the same standards.[1] Id. In order to make out a prima facie case of sex or age discrimination, Sullivan needed to show that she belonged to a protected group, applied and qualified for a USPS job which was seeking applicants, was rejected and the position remained open after her rejection and the USPS continued to seek applications from people of similar qualifications as Sullivan herself. See id.
 
 
 5
 Sullivan contends the district court erred by concluding that one of the statutes governing USPS hiring practices requires that qualifying veterans be considered for open positions before any other applicants. We disagree.
 
 
 6
 The statute in question, 5 U.S.C. Sec. 3313, provides in relevant part:
 
 
 7
 The names of applicants who have qualified in examinations for the competitive service shall be entered on appropriate registers of lists of eligibles in the following order--
 
 
 8
 * * *
 
 
 9
 (2) for all other positions--
 
 
 10
 (A) disabled veterans who have a compensable service connected disability of 10 percent or more, in order of their ratings, including points added under section 3309 of this title; and
 
 
 11
 (B) remaining applicants, in order of their ratings, including points added under section 3309 of this title.
 
 
 12
 The names of preference eligibles shall be entered ahead of others having the same rating.
 
 
 13
 A plain reading of subsection (2) makes it clear that certain disabled veterans jump to the head of the hiring list so long as they passed their qualifying examinations, regardless of how high their scores on the exam were.
 
 
 14
 Sullivan also contends that material issues of fact were unresolved at the time the motion was granted, thus rendering summary judgment inappropriate. She points out that applicants who scored lower than her on the examination were considered for vacancies before her. While we concede the truth of this statement, we nonetheless conclude that this situation does not give rise to disputed material facts.
 
 
 15
 Sullivan's claim relies on an argument which we have already rejected, that preferenced veterans are not entitled to be placed at the top of the hiring list. It is clear from the declaration of Carol Booher and its supporting exhibits that all persons considered for the relevant USPS positions were either veterans who scored lower than Sullivan on the examination but were entitled to the hiring preference or persons who scored higher than Sullivan on the examination.
 
 
 16
 We conclude on the basis of the record before us that Sullivan was not hired because others scored higher than her on the exam or were veterans entitled to a hiring preference. Her name was simply never reached on the hiring list. In the absence of any disputed material facts, and given our holding that veterans referenced in 5 U.S.C. Sec. 3313(2)(A) are required to be placed at the top of the hiring list, Sullivan failed to state a prima facie case of sex or age discrimination or retaliation and the district court did not err by denying the motion for reconsideration of the order granting summary judgment. See Lindahl, 930 F.2d at 1437; see also Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("[P]urely conclusory allegations of discrimination, with no concrete, relevant particulars, will not bar summary judgment.").
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider Sullivan's claim of disparate impact, raised for the first time in her opening brief on appeal, because it requires resolution of factual issues not developed in the district court. See White v. McGinnis, 903 F.2d 699, 700 n. 4 (9th Cir.) (en banc) (" 'We may consider an issue conceded or neglected below if the issue is purely one of law and the pertinent record has been fully developed.' ") (quoting United States v. Gabriel, 625 F.2d 830, 832 (9th Cir.1980)), cert. denied, 498 U.S. 903 (1990). We note, however, that the Supreme Court has held in a different context that enactment of statutory hiring preferences for veterans does not constitute impermissible gender-based discrimination. See Administrator v. Feeney, 442 U.S. 256, 281 (1979) (upholding Massachusetts state veterans hiring preference statute)