41 F.3d 1515
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES, ex rel. Kenneth E. KNOLLENBERG, Plaintiff-Appellant,
v.
COMPUTERVISION CORPORATION, authorized to do business in
California as: Computervision Corporation of
Delaware; Prime Computer, Inc.,
Defendants-Appellees.
 No. 93-55320.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1994.*
Decided Nov. 7, 1994.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,** Circuit Judges.
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff-relator Knollenberg appeals the district court's dismissal of his complaint alleging violations of the False Claims Act, 31 U.S.C. Sec. 3729(a)(2), (3), for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 The jurisdictional bar at issue provides:
 
 4
 "No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a ... civil ... hearing ... unless ... the person bringing the action is an original source of the information." 31 U.S.C. 3730(e)(4) (emphasis added).
 
 
 5
 As we explained in Wang v. FMC Corp., 975 F.2d 1412 (9th Cir.1992), "where there has been no 'public disclosure' within the meaning of Sec. 3730(e)(4)(A), there is no need for a qui tam plaintiff to show that he is the 'original source' of the information." Id. at 1416 (citations omitted). Thus, the jurisdictional inquiry is two-step: (1) Have the allegations or transactions supporting the qui tam action been publicly disclosed? (2) If so, is the plaintiff-relator an original source of that information?
 
 
 6
 In dismissing Knollenberg's complaint for lack of subject matter jurisdiction, the district court found that (1) Knollenberg had conceded that the allegations supporting his claim had been publicly disclosed by a previous civil suit ("the Magyar action"), and (2) Knollenberg was not an original source because he conceded that he had not provided the requisite information to the government prior to filing this action. See Wang, 975 F.2d at 1417 (holding that in order to be deemed an "original source" a person must have voluntarily provided the information on which his allegations are based to the government prior to filing a qui tam action). As evidenced by its conclusions, the district court reached the merits only of the "original source" argument since it found that Knollenberg had conceded "public disclosure."
 
 
 7
 On appeal Knollenberg argues that the district court erred in finding that he had conceded "public disclosure." Furthermore, he contends that the district court does have subject matter jurisdiction because many of the allegations supporting his claim have not been publicly disclosed.[1] We disagree.
 
 
 8
 In support of his contention that he did not concede the "public disclosure" argument, Knollenberg points to a paragraph in the "Preliminary Statement" section of his Memorandum of Points and Authorities and Argument in Opposition to Defendants' Motion to Dismiss (Opposition Memo ). In that paragraph Knollenberg noted that the Magyar action involved the 1987 modification of a 1985 contract, while the case at hand involves both the 1985 contract as well as the 1987 modification. ER 1 at 3.
 
 
 9
 We find this argument unpersuasive for two reasons. First, Knollenberg explicitly stated in the "Argument" section of his Opposition Memo that "Plaintiff-relator concedes that the allegations pertaining to the Government procurement fraud upon which the present action is based consists essentially in the same facts underlying the [Magyar action]." ER 1 at 9. And second, not once in his Opposition Memo did Knollenberg argue that the allegations supporting his action were not "publicly disclosed." Instead he argued solely that he was an "original source."[2]
 
 
 10
 Having conceded below that the allegations supporting his qui tam action were publicly disclosed, Knollenberg cannot argue the public disclosure issue for the first time on appeal. United States v. Gabriel, 625 F.2d 830, 832 (9th Cir.), cert. denied, 449 U.S. 1113 (1980); Seymour v. Coughlin Co., 609 F.2d 346, 348-49 (9th Cir.1979), cert. denied, 446 U.S. 957 (1980).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Danny J. Boggs, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Knollenberg does not challenge before us the district court's holding that he was not an "original source."
 
 
 [2]
 In the "Preliminary Statement" section of the Opposition Memo below, Knollenberg stated, "As to the alleged lack of jurisdiction it is submitted that plaintiff-relator is the 'original source' of the information upon which this action is based, despite some of the subject matter having been disclosed in the Magyar action." ER 1 at 4. In the "Conclusion" section Knollenberg stated, "It has been demonstrated that said plaintiff-relator was an 'original source ...," without once mentioning anything about "public disclosure." ER 1 at 15