Dean CAIN, Plaintiffs–Appellant,

v.

J.P. PRODUCTIONS, a New York corporation, d/b/a CPG Direct, James Farrazzano, an individual; Truly Unique Collectibles Inc., Defendants–Appellees.

David Duchovny, Plaintiff–Appellant,

v.

Truly Unique Collectibles, a New York Corporation; James Ferrazzano, Defendants–Appellees

David Duchovny, Plaintiff–Appellant,

v.

J.P. Productions Inc., a New York Corporation; dba CPG Direct; James Farrazzano, Defendants–Appellees.

David Duchovny, Plaintiff–Appellant.

v.

J.P. Productions Inc., a New York corporation, dba CPG Direct; James Farrazzano, an individual, Defendants–Appellees.

David Duchovny, Plaintiff–Appellant,

v.

Truly Unique Collectibles, Inc.; James Farrazzano, an individual, Defendants–Appellees.

Dean Cain, Plaintiff–Appellant,

v.

J.P. Productions, a New York corporation, d/b/a CPG Direct, James Farrazzano, an individual; Truly Unique Collectibles Inc., Defendants–Appellees.

No. 99–56250, 99–56259, 99–56260, 99–56553, 99–56555, 99–56556.

D.C. Nos. CV–98–01637–RJK, CV–98–04995–RJK, CV–98–06479–RJK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2001.

Decided Feb. 22, 2001.

As Corrected Feb. 23, 2001.

Before PREGERSON, CANBY, and THOMPSON, Circuit Judges.

MEMORANDUM *

Plaintiffs Dean Cain and David Duchovny appeal the district court's ruling granting summary judgment in favor of the defendants and awarding the defendants attorney's fees. We affirm.

■ The plaintiffs' arguments challenging the defendants' first sale defense are raised for the first time on appeal. Under Federal Rule of Civil Procedure 46, "[f]ederal appellate courts generally do not consider issues raise for the first time on appeal." *Animal Protection Inst. of Am. v. Hodel*, 860 F.2d 920, 927 (9th Cir.1988). Although this "rule of waiver is one of discretion rather than jurisdiction," *Howell v. State Bd. of Equalization*, 731 F.2d 624, 626 (9th Cir.1984), we decline to exercise our discretion given the record in this case. We therefore affirm the district court's decision granting summary judgment in favor of the defendants on the plaintiffs' claims for violation of California's common law and statutory right of publicity.

■ We also affirm the district court's judgment in favor of the defendants on the plaintiffs' claims for false endorsement un-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

der the Lanham Act. Those claims are barred by the fair use doctrine. *See The New Kids on the Block v. News Am. Publ., Inc.,* 971 F.2d 302, 306–08 (9th Cir.1992); *Cairns v. Franklin Mint Co.,* 107 F.Supp.2d 1212, 1214 (C.D.Cal.2000).

█ With respect to the issue of attorney's fees, the district court's decision to award attorney's fees to the defendants is supported by California Civil Code § 3344(a), which provides in relevant part, "[t]he prevailing party in any action under this section *shall* also be entitled to attorney's fees and costs." Cal. Civ.Code § 3344(a) (emphasis added). Moreover, no apportionment was needed because "the claims are so inextricably intertwined that even an estimated adjustment would be meaningless." *Gracie v. Gracie,* 217 F.3d 1060, 1068, (9th Cir.2000); *Reynolds Metals Co. v. Alperson,* 25 Cal.3d 124, 129, 158 Cal.Rptr. 1, 599 P.2d 83 (1979).

AFFIRMED.