**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**STATE BOARD OF EQUALIZATION,
Defendant-Appellant.**

No. 74–3360.

United States Court of Appeals,
Ninth Circuit.

May 7, 1976.

Neal J. Gobar, Deputy Atty. Gen., State of California, San Diego, Cal., for defendant-appellant.

Gilbert E. Andrews, Chief, App. Section, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

OPINION

Before MERRILL and WRIGHT, Circuit Judges, and RENFREW,* District Judge.

PER CURIAM:

Since 1933 California has imposed a sales tax on lessors for the privilege of selling tangible personal property at retail. The legal obligation to pay is on the seller. Since 1965 a lessor of tangible personal property has been treated as a seller subject to sales tax. The United States, through its departments and agencies, leases data processing equipment and other tangible personal property from various lessors in California. It has reimbursed the lessors for tax paid by them. By this suit it seeks judicial declaration that California may not collect a sales tax from the lessors. The question presented is whether the legal incidence of the sales tax falls on the United States, as lessee, rather than on the lessor, and therefore violates the constitutional immunity of the United States from state taxation. The district court held that it did, and the State Board has taken this appeal.

Since the appeal was taken the question has been resolved by the decision of the Supreme Court in *Diamond National Corp. v. State Board of Equalization,* —— U.S. ——, 96 S.Ct. 1530, 47 L.Ed.2d 780 (1976), holding that "incidence of the [California] state and local sales taxes falls upon the national bank as purchaser and not upon the vendors."

Judgment affirmed.

* Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.