UNITED STATES of America,
Plaintiff-Appellee,

v.

CALIFORNIA STATE BOARD OF EQUALIZATION,
Defendant-Appellant.

No. 80–5073.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1981.

Decided July 13, 1981.

Rehearing Denied Sept. 2, 1981.

**1128**

John J. McCarthy, San Diego, Cal., for defendant-appellant.

Richard Farber, Washington, D. C., argued for plaintiff-appellee; Gilbert E. Andrews, Dept. of Justice, Washington, D. C., on brief.

Before KENNEDY and NELSON, Circuit Judges, and RICHEY,* District Judge.

RICHEY, District Judge:

The California State Board of Equalization raises three issues in this appeal: (1) whether the district court erred in holding that the legal incidence of the California sales tax falls on the United States; (2) whether the district court incorrectly concluded that the imposition of the sales tax on United States' leases invidiously discriminates against the United States and its lessors; and (3) whether certain other portions of the district court's judgment are unsupported by the record. We affirm the district court's decision that the California sales tax is unconstitutional as to leases of tangible personal property to the United States because the legal incidence of the sales tax falls on the United States. In light of this holding, we find it unnecessary to reach the discrimination issue. Certain portions of the district court's judgment are unsupported by the record and are therefore vacated.

FACTS

Since August 1, 1965 the United States has leased data processing and other equipment from lessors in California. The State of California, through the State Board of Equalization (SBE), has imposed a sales tax[1] on these transactions based on the gross rentals paid by the United States to the lessors.

In September 1974, the district court held that imposing the sales tax on these transactions infringed on the United States' constitutional immunity from state taxation because the legal incidence of the tax fell on the United States. This court affirmed the judgment of the district court. *United States v. State Board of Equalization Code,* 536 F.2d 294 (9th Cir. 1976) (per curiam).

On September 26, 1978 California adopted chapter 1211 of the California Laws of 1978. This chapter repealed the sections of the California Revenue and Taxation Code which the district court found unconstitutional. It also added Section 1656.1 to the California Civil Code. This section purported to leave the decision of who would pay the tax to the agreement of the buyer and seller.[2]

Pursuant to Chapter 1211, and beginning January 1, 1979 the SBE resumed imposing a sales tax on leases to the United States. The United States subsequently filed suit in the district court seeking a declaration that the imposition of the sales tax to the United States' leases was unconstitutional, an order enjoining the SBE from assessing or collecting the sales tax on theses leases, and a refund of all taxes paid by the United

---

* The Honorable Mary Anne Richey, United States District Judge for the District of Arizona, sitting by designation.

1. The use tax, rather than the sales tax, is generally imposed on lease transactions. *See* California State Board of Equalization, *Sales and Use Tax Regulation 1660.* The sales tax is imposed on leases of tangible personalty when the lessee is exempt from the use tax under California law. *Id.* The United States is exempt from the use tax. *See* Cal.Rev. & Tax. Code § 6402 (West 1970).

2. As noted above the sales tax applies to leases. Therefore, when the various California tax statutes use the words "seller" or "retailer" lessors are included. *See* Cal.Rev. & Tax.Code § 6006(g) (West Supp.1980); *Regulation 1660* (discussing lessors in the context of the sales tax). For the same reason, "buyer" encompasses lessee. This opinion will use these terms interchangeably.

States to its lessors. The district court granted the United States' cross-motion for summary judgment and the SBE appealed.

## THE CALIFORNIA SALES TAX SCHEME

Section 1656.1 of the California Civil Code sets standards for determining who—the seller or buyer—is to pay the sales tax on a particular transaction. It provides that whether the seller or buyer is to pay the sales tax depends on the agreement of sale between the parties. *See* Cal. Civil Code § 1656.1(a) (West Supp.1980).[3] This section then sets forth three situations in which the tax is presumed to be paid by the buyer: (1) when the agreement of sale expressly so provides; (2) when the sales tax is separately stated on the sales receipt;

3. Section 1656.1 provides as follows:

§ 1656.1 Sales tax reimbursement to retailer; addition to sales price; rebuttable presumptions; schedule

(a) Whether a retailer may add sales tax reimbursement to the sales price of the tangible personal property sold at retail to a purchaser depends solely upon the terms of the agreement of sale. It shall be presumed that the parties agreed to the addition of sales tax reimbursement to the sales price of tangible personal property sold at retail to a purchaser if:

(1) The agreement of sale expressly provides for such addition of sales tax reimbursement;

(2) Sales tax reimbursement is shown on the sales check or other proof of sale; or

(3) The retailer posts in his premises in a location visible to purchasers, or included on a price tag or in an advertisement or other printed material directed to purchasers, a notice to the effect that reimbursement for sales tax will be added to the sales price of all items or certain items, whichever is applicable.

(b) It shall be presumed that the property, the gross receipts from the sale of which is subject to the sales tax, is sold at a price which includes tax reimbursement if the retailer posts in his premises, or includes on a price tag or in an advertisement (whichever is applicable) one of the following notices:

(1) "All prices of taxable items include sales tax reimbursement computed to the nearest mill."

(2) "The price of this item includes sales tax reimbursement computed to the nearest mill."

(c)(1) The State Board of Equalization shall prepare and make available for inspection and duplication or reproduction a sales tax reimbursement schedule which shall be identical with the following tables up to the amounts specified therein:

### 4 3/4 percent

| Price | Tax |
|---|---|
| .01-.10 | .00 |
| .11-.29 | .01 |
| .30-.50 | .02 |

### 4 3/4 percent

| Price | Tax |
|---|---|
| .51-.72 | .03 |
| .73-.94 | .04 |

### 5 percent

| Price | Tax |
|---|---|
| .01-.10 | .00 |
| .11-.27 | .01 |
| .28-.47 | .02 |
| .48-.68 | .03 |
| .69-.89 | .04 |
| .90-1.09 | .05 |

### 5 1/4 percent

| Price | Tax |
|---|---|
| .01-.10 | .00 |
| .11-.26 | .01 |
| .27-.45 | .02 |
| .46-.65 | .03 |
| .66-.84 | .04 |
| .85-1.03 | .05 |

### 6 percent

| Price | Tax |
|---|---|
| .01-.10 | .00 |
| .11-.22 | .01 |
| .23-.39 | .02 |
| .40-.56 | .03 |
| .57-.73 | .04 |

and (3) when the retailer posts a notice to that effect. Section 1656.1(b) states that the seller is presumed to have paid the tax if the seller posts a notice in his store that all prices include sales tax. Section 1656.-1(d) states that these presumptions are rebuttable. Section 1656.1(c) sets forth several tables which compute the sales tax at various percentages for purchases of approximately $1.00.

Sections 6012 and 6051 of the California Revenue and Taxation Code set standards for determining how much tax is paid. The sales tax is levied on the seller's gross receipts. *See* Cal.Rev. & Tax.Code § 6051 (West Supp. 1980).[4] Gross receipts are defined as, *inter alia*, the total amount of

the lease price. *Id.* § 6012(a).[5] The lease price is the amount of rentals payable. *See* California State Board of Equalization, *Sales and Use Tax Regulation 1660* (Regulation 1660). Most importantly, the final paragraph of Section 6012 further provides that if the seller establishes that he collected the sales tax from the buyer the amount of the tax is deducted from the seller's gross receipts. *See* § 6012(c)(8). There is no similar deduction when the seller pays the tax himself.

## LEGAL INCIDENCE OF CALIFORNIA SALES TAX SCHEME

 The legal incidence of a tax falls on the party who the legislature intends

### 6 percent

| Price | Tax |
|---|---|
| .74–.90 | .05 |
| .91–1.08 | .06 |

### 6 1/4 percent

| Price | Tax |
|---|---|
| .01–.10 | .00 |
| .11–.21 | .01 |
| .22–.37 | .02 |
| .38–.54 | .03 |
| .55–.70 | .04 |
| .71–.86 | .05 |
| .87–1.03 | .06 |

### 6 1/2 percent

| Price | Tax |
|---|---|
| .01–.10 | .00 |
| .11–.20 | .01 |
| .21–.35 | .02 |
| .36–.51 | .03 |
| .52–.67 | .04 |
| .68–.83 | .05 |
| .84–.99 | .06 |
| 1.00–1.15 | .07 |

(2) Reimbursement on sales prices in excess of those shown in the schedule be computed by applying the applicable tax rate to the sales price, rounded to the nearest cent by eliminating any fraction less than one-half cent and increasing any fraction of one-half cent or over to the next higher cent.

(3) If sales tax reimbursement is added to the sales price of tangible personal property sold at retail, the retailer shall use a schedule provided by the board, or a schedule approved by the board.

(d) The presumptions created by this section are rebuttable presumptions. (Added by Stats. 1978, c. 1211, p. 3915, § 1.)

**4.** Section 6051 provides in pertinent part:

§ 6051. Levy on retailers' gross receipts; rate
For the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers at ... [a specified rate] of the gross receipts of any retailer from the sale of all tangible personal property sold at retail in this state....

**5.** Section 6012 provides in pertinent part:

§ 6012. Gross receipts; excluded items
(a) "Gross receipts" mean the total amount of the sale or lease or rental price, as the case may be, of the retail sales of retailers, valued in money, whether received in money or otherwise....

....

(c)(8) *For purposes of the sales tax, if the retailers establish to the satisfaction of the board that the sales tax has been added to the total amount of the sale price and has not been absorbed by them, the total amount of the sale price shall be deemed to be the amount received exclusive of the tax imposed. Section 1656.1 of the Civil Code shall apply in determining whether or not the retailers have absorbed the sales tax.* (Emphasis added).

will pay the tax. *See United States v. Tax Commission*, 421 U.S. 599, 609, 95 S.Ct. 1872, 1878, 44 L.Ed.2d 404 (1975); *First Agricultural National Bank v. State Tax Commission*, 392 U.S. 339, 348, 88 S.Ct. 2173, 2178, 20 L.Ed.2d 1138 (1968). A determination of legal incidence is not, however, an inquiry into who is legally obligated to remit the collected tax to the state. That is, the legal incidence of a tax does not necessarily fall on the party who acts as conduit by forwarding collected taxes to the state. *See United States v. Tax Commission*, 421 U.S. at 607, 95 S.Ct. at 1877. The concept of legal incidence must also be distinguished from the notion of economic burden. The constitution only prohibits the state from levying a tax on the United States; it does not prohibit the state from enacting a taxing scheme whose effect is to increase prices paid by the United States. Therefore, there is no constitutional violation if the state levies a tax on a lessor to the United States and the lessor recoups this tax payment by raising the lease price—increasing the economic burden—to the United States. *See Gurley v. Rhoden*, 421 U.S. 200, 204, 95 S.Ct. 1605, 1608, 44 L.Ed.2d 110 (1975); *United States v. City of Detroit*, 355 U.S. 466, 469, 78 S.Ct. 474, 476, 2 L.Ed.2d 424 (1958); *Kern-Limerick, Inc. v. Scurlock*, 347 U.S. 110, 118, 74 S.Ct. 403, 408, 98 L.Ed. 546 (1954).

In determining who the legislature intends will pay the tax, the entire state taxation scheme and the context in which it operates as well as the express words of the taxing statute must be considered. *See United States v. Tax Commission*, 421 U.S. at 609–10 & n.8, 95 S.Ct. at 1878–79 & n.8 (finding that the tax scheme unavoidably required the suppliers to pass the tax on to the purchasers); *United States v. City of Detroit*, 355 U.S. at 469, 78, S.Ct. at 476 ("[I]n determining whether a tax is actually laid on the United States or its property the Court goes beyond the bare face of the taxing statute to consider all relevant circumstances.").

The California sales tax scheme in this case is unlike statutes struck down in previ-

ous cases because it is facially neutral as to who is to pay the sales tax. Compare Cal. Civil Code § 1656.1(a) (West Supp.1980) ("Whether a retailer may add sales tax reimbursement to the sales price of the tangible personal property sold at retail to a purchaser depends solely upon the terms of the agreement of sale.") with *United States v. Tax Commission*, 421 U.S. at 608–09, 95 S.Ct. a 1878 (Mississippi statute requiring the buyer to pay tax to seller who would remit tax to the state); *First Agricultural Natural Bank*, 392 U.S. at 347, 88 S.Ct. at 2177 (Massachusetts statute requiring seller to collect tax from buyer). Despite the government's arguments to the contrary, the presumptions set forth in subsections (a) and (b) do not appear to be a subtle legislative attempt to require the seller to pass the tax on to the buyer. Rather, these presumptions arise only after the parties have independently manifested their intentions as to who will pay the tax. Finally, the tables set out in subsection (c) appear only to be intended to assist retailers and consumers in calculating the tax on small, day-to-day purchases.

The seeming neutrality of section 1656.1 is rendered illusory, however, by the interaction of California Revenue and Taxation Code sections 6012 and 6051. As noted above, the sales tax is levied on the seller's gross receipts, Cal.Rev. and Tax.Code § 6051 (West Supp.1980), which are measured by the total lease price. *See id.; Regulation 1660.* If the lessor requires the lessee to pay the tax, the amount of the tax is deducted from the lessor's gross receipts. If the lessor pays the tax himself—absorbs the tax—and passes the economic burden of the tax on to the lessee as an increase in the lease price, the amount of the tax paid by the lessor is not deducted from his gross receipts. Since the sales tax is levied on the basis of the lessor's gross receipts, the lessor must remit a larger sum of money to the state as taxes if he absorbs the tax himself than if he collects the tax from the lessee. Therefore, the lessor maximizes his profit only if he separately states and collects the

tax from the lessee. This point is clearly illustrated by the example in footnote 6.[6]

■ Despite the facial neutrality of Section 1656.1, the strong economic incentive created by Section 6012 all but compels the lessor to collect the tax from the lessee. In sum, the California sales tax scheme manifests a legislative intent that the lessee pay the sales tax. It places the legal incidence of the tax on the United States and, therefore, violates the United States' constitutional immunity from state taxation.

## OTHER PARTS OF THE DISTRICT COURT'S JUDGMENT

■ In Paragraph 4 of its order the district court held that certain leases of tangible personalty made pursuant to Government Services Administration (GSA) supply schedule contracts by contractors having cost-reimbursement contracts with the United States were leases made by the contractor as an agent of the United States and thus, were not subject to the imposition of the California sales tax. In Paragraph 5, the district court found that the California use tax is void under certain circumstances because it discriminates against the United States and its contractors. These portions of the district court's order are totally unsupported by anything in the record and must be vacated. *See United States v. Washington*, 641 F.2d 1368 (9th Cir. 1981); *United States v. County of Humboldt*, 628 F.2d 549, 551 (9th Cir. 1980).

■ The district court also ordered that the SBE pay pre-judgment interest from the time it collected the taxes to the time judgment is entered and post-judgment interest from the time judgment is entered to the time it is paid. The award of pre-judgment interest in a case under federal law is a matter left to the sound discretion of the trial court. *Cf. Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971) (securities fraud case). Awards of pre-judgment interest are governed by considerations of fairness, *Rolf v. Blyth, Eastman Dillon & Co.*, 637 F.2d 77, 87 (2d Cir. 1980) and are awarded when it is necessary to make the wronged party whole. *See Hembree v. Georgia Power Co.*, 637 F.2d 423, 430 (5th Cir. 1981). In this case the SBE has had the use of the United States' tax money from the time it collected the taxes. The record does not show that the district court abused its discretion in awarding pre-judgment interest from the date of entry of judgment, the district court was clearly correct. *See* 28 U.S.C. § 1961 (1976).

■ Finally, the SBE argues that the district court's order requiring the SBE to refund taxes is a mandatory injunction requiring it to make refunds in amounts it has no way of calculating. This is incorrect. The district court's order of a refund simply follows from the court's conclusion that the SBE collected taxes in violation of the constitution. The issues raised as to the amount of the refund will be resolved at the trial on this issue.

---

**6.** Assuming a $1,000 lease to the United States and a tax rate of 5 percent:

(1) The lessor separately states the sales tax and collects it from the lessee. He collects a total of $1,050—1,000 lease price and 50 tax— from the lessee. Because he separately stated the tax and collected it from the lessee, the $50 he collected in tax is excluded from his gross receipts under § 6012. The lessor is, therefore, taxed on gross receipts of $1,000 and must remit $50 to the state. The lessor nets $1,000 on the lease.

(2) The lessor does not separately state the sales tax but instead passes it on to the lessee as an increase in price. He collects a total of $1,050 from the lessee. Because he has absorbed the tax under Cal.Civil Code § 1656.1(b) rather than added the tax to the total sales

price under § 1656.1(a) he gets no exclusion from his gross receipts under § 6012. The lessor, therefore, pays a tax on gross receipts of $1,050 and must remit $52.50 to the state. The lessor nets $997.50 on the lease.

(3) The lessor does not separately state the sales tax and does not collect the tax from the lessee—his gross proceeds of the sale are considered to be $1,000. He receives $1,000 from the lessee. He pays a tax out of his pocket of $50—he nets $950 on the lease.

(4) The lessor separately states the sales tax, but does not collect the tax from the lessee— the statute presumes his gross proceeds of the sale to be $1,050. He receives $1,000 from the lessee. He pays a tax of $52.50 out of his own pocket—he nets $947.50 on the lease.