GLEN W. MAACK and HENRIETTA MAACK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maack v. Commissioner
Docket No. 25100-81.
United States Tax Court
T.C. Memo 1983-37; 1983 Tax Ct. Memo LEXIS 750; 45 T.C.M. (CCH) 553; T.C.M. (RIA) 83037; January 20, 1983. R. E. T. Smith, for the petitioners. Richard C. McLaughlin, *751 for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a $764 deficiency in petitioners' income tax for the taxable year ended December 31, 1978. After concessions, the only issue remaining in dispute is whether sales tax paid in connection with the purchase of a tractor and three storage bins for use in the petitioners' farming business is deductible. The case was submitted on the basis of a stipulation of facts. The petitioners, husband and wife, resided at Breckenridge, Minnesota, at the time their petition was filed. They filed a joint Federal income tax return for the 1978 calendar year. During 1978, petitioners purchased a "J.D." tractor and three storage bins for use in their farming business, and paid sales tax in the amounts of $630 and $329, respectively, in connection with the purchase of these items. On their 1978 tax return, petitioners deducted these amounts as farm expenses, but the Commissioner disallowed the deductions on the ground that the sales tax was a part of the cost of acquiring the tractor and bins, and thus was not deductible. Section 164(a), I.R.C. 1954, allows as a deduction for the taxable year *752 "within which paid or accrued * * * (4) [s]tate and local general sales taxes". It is not enough, however, that the tax is simply paid by the taxpayer; entitlement to the deduction under section 164(a)(4) requires also that the tax be imposed upon the taxpayer by state law. Stout v. Commissioner,31 T.C. 1199, 1214 (1959), affd. on this issue and remanded on another issue sub nom. Rogers v. Commissioner,281 F. 2d 233 (4th Cir. 1960). Subsection (b)(5) of section 164 tempers this requirement somewhat by treating a sales tax which is separately stated and paid by the consumer, "otherwise than in connection with the consumer'strade or business" (emphasis supplied), as a tax imposed on the consumer. Thus, for a sales tax paid in respect of a non-business purchase, the deduction does not turn upon whether the state taxing scheme imposes the tax on the purchaser or the seller, provided that the tax is separately stated. In respect of a purchase for business purposes, this uniformity of result does not obtain. Unless the tax is imposed on the business purchaser by state law, subsection (b)(5) does not apply to render the tax deductible under *753 subsection (a)(4), and the general principles developed under section 162(a) will determine the deductibility of the tax. In respect of the Minneosta sales tax at issue here, we have held that Minnesota law imposes the tax upon the seller, despite provisions mandating that the tax be separately stated and that it be collected, if practicable, from the purchaser. Arrigoni v. Commissioner,73 T.C. 792, 803-804 (1980), appeal dismissed (8th Cir. 1980). Absent relief from subsection (b)(5), then, the sales tax paid by petitioners in connection with the purchase of the tractor and the storage bins is not deductible under subsection (a)(4). In this case, subsection (b)(5) is of no assistance to petitioners, because the assets in question were purchased for use in their farming business. Thus, the Minnesota sales tax may not be treated as imposed on petitioners, with the result that section 164(a)(4) does not authorize a deduction for it. Moreover, the tax may not be deducted under section 162(a) as an ordinary and necessary business expense, because it was a capital expenditure incurred in the acquisition of assets having useful lives substantially beyond the taxable *754 year. Section 1.263(a)-1, 2, Income Tax Regs. See Rogers v. Commissioner,281 F. 2d 233, 238 (4th Cir. 1960): [The predecessor of section 164(b)(5)] permits such a purchaser to deduct the retail sales tax imposed upon his vendor if the tax is separately stated that is paid by the purchaser, but purchases in connection with the purchaser's trade or business are expressly excluded from the benefits of this section. The exclusion of business purchases was clearly with the intention that, as to them, the tax should be treated as part of the cost of the goods and expensed or capitalized as part of such cost, depending upon use of the goods. The sales tax paid on these purchases of capital assets, therefore, should have been capitalized as part of their cost. See also Petty v. Commissioner,77 T.C. 482, 484-485 (1981).
Aside from the contention that the Minnesota sales tax is imposed on the consumer, which position was rejected in Arrigoni v. Commissioner, petitioners argue that the analysis set forth supra is inapplicable because section 266, I.R.C. 1954, [1] provides them with a choice of deducting or capitalizing the sales tax. However, *755 that section of the Code simply disallows a deduction for an otherwise deductible amount which the taxpayer elects to capitalize. The regulations make clear that in order for section 266 to apply, the amount must be "otherwise expressly deductible under provisions of subtitle A of the Code". Section 1.266-1(a), Income Tax Regs. As was stated in Hudson v. Commissioner,77 T.C. 468, 472 (1981): Section 266 denies a deduction for taxes the taxpayer elects (under regulations prescribed by the Secretary) to charge to capital account. Sales taxes fall within the coverage of this section. Sec. 1.266-1(b)(1)(iii)(c), Income Tax Regs. In essence, section 266 is a disallowance provision which denies deductibility, but only if an election to capitalize the taxes is made. Implicit in the statute is the denial of a double *756 tax benefit; one cannot both deduct the sales taxes and recover them through depreciation by increasing the basis of the property acquired. The sole effect of section 266 is to permit an election to capitalize sales taxes even though they would otherwise be deductible under section 164(a)(4).(Emphasis supplied.) (Footnote omitted.) See also Rogers v. Commissioner,supra, at 238; 2 B. Bittker, Federal Taxation of Income, Estates and Gifts, p. 42-6 (1981). Here, the sales tax is not deductible under section 164(a)(4), and nothing in section 266 purports to change this result. Thus, the tax must be capitalized as part of the cost of acquiring the tractor and storage bins, and the Commissioner's disallowance of the claimed deduction is sustained. Decision will be entered for the respondent.
Footnotes
1. SEC. 266. CARRYING CHARGES. No deduction shall be allowed for amounts paid or accrued for such taxes and carrying charges as, under regulations prescribed by the Secretary, are chargeable to capital account with respect to property, if the taxpayer elects, in accordance with such regulations, to treat such taxes or charges as so chargeable.↩