WALTER AND MARY BAILEY AND FIDEL AND WILMA GARCIA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 24625-82.          Filed April 14, 1987.

---

*Edward B. Simpson* and *Gerald A. Holmes*, for the petitioners.

*Barbara M. Leonard*, for the respondent.

JACOBS, *Judge*: Respondent determined the following deficiencies in income tax and additions to tax:

| Petitioners | Year | Deficiency | Additions to tax sec. 6653(a) [1] |
|---|---|---|---|
| Walter and Mary Bailey | 1976 | $954 | $48 |
| | 1977 | 1,472 | 74 |
| | 1979 | 2,436 | 122 |
| | 1980 | · 693 | 35 |
| Fidel and Wilma Garcia | 1979 | 4,503 | - - - |
| | 1980 | 4,133 | - - - |

After concessions, the sole issue for decision is whether California sales taxes paid by petitioners Walter and Mary Bailey[2] in connection with their acquisition of two boats (one in 1979 and the other in 1980) for business purposes can be deducted (as claimed by petitioners) or must be capitalized as part of the cost of the boats (as claimed by respondent).

## FINDINGS OF FACT

This case was submitted fully stipulated under Rule 122. The stipulation of facts and attached exhibits are incorporated herein by reference.

Petitioners resided in California at the time they filed their petition in this case.

On October 30, 1979, petitioners purchased a 25-foot boat (hereinafter boat No. 1) and a trailer. The purchase price for boat No. 1, together with the trailer, exclusive of the California sales tax, was $26,990; the California sales tax (which was separately stated on the purchase invoice) was $1,754.

On December 1, 1980, petitioners purchased a one-half interest in a second 25 foot boat (hereinafter boat No. 2) and a trailer. The purchase price for boat No. 2, together

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]All issues involving petitioners Fidel and Wilma Garcia were settled prior to trial. Accordingly, references herein to petitioners are solely to Walter and Mary Bailey.

with the trailer, exclusive of the California sales tax, was $49,500; the California sales tax (which was separately stated on the purchase invoice) was $3,217.50.

Both boats were used by petitioners in their business of renting boats.

Petitioners deducted, in 1979, the $1,754 California sales tax paid on boat No. 1 and deducted, in 1980, $1,608.75 of the tax paid on boat No. 2 (one-half of the sales tax paid on the purchase of boat No. 2).

Respondent contends that the California sales tax is imposed on the retailer, rather than the consumer, and because petitioners used both boats for business purposes, the sales tax must be capitalized as part of the cost of the boats.

Petitioners contend that the incidence of the California sales tax falls upon the consumer, and thus is deductible under section 164, whether or not the tax was incurred in connection with the acquisition of a business asset. Alternatively, they argue that pursuant to section 62(5) (now section 62(4)), the sales tax is deductible as an expense attributable to property held for the production of rents.

## OPINION

Section 164(a)(4) permits a deduction for State and local general sales taxes for the taxable year in which paid or accrued. Section 1.164-1(a), Income Tax Regs., provides that, in general, taxes are deductible only by the person upon whom they are imposed.

Generally, a sales tax, if imposed on the retailer, is not deductible by the consumer. However, section 164(b)(5) broadens the allowability of a deduction for general sales taxes if separately stated.[3] In such instance, the deduction is allowed to the consumer provided it was not paid in connection with the consumer's trade or business. In this regard, section 1.164-5, Income Tax Regs., provides:

---

[3]Sec. 164(b)(5) provides as follows:

(5) SEPARATELY STATED GENERAL SALES TAXES.—If the amount of any general sales tax is separately stated, then, to the extent that the amount so stated is paid by the consumer (otherwise than in connection with the consumer's trade or business) to his seller, such amount shall be treated as a tax imposed on, and paid by, such consumer.

only the amount of any separately stated State and local general sales tax (as defined in paragraph (g) of § 1.164-3) * * * paid by the consumer (*other than in connection with his trade or business*) is deductible by the consumer as tax. The fact that, under the law imposing it, the incidence of such State or local tax does not fall on the consumer is immaterial. * * * [Emphasis added.]

The determination of the deductibility of State sales taxes depends, then, upon: (a) Whether the incidence of the sales tax falls upon the retailer or upon the consumer, either directly or through the application of section 164(b)(5); and (b) if the tax is deemed to fall on the consumer through the application of section 164(b)(5), then whether the property was purchased in connection with the taxpayer/consumer's trade or business. If under State law the tax is considered as imposed upon the retailer, then the tax is deductible by the consumer only if it is "separately stated" and the property is not acquired in connection with the taxpayer/consumer's trade or business. If the tax is considered as imposed on the consumer directly, the tax is deductible without regard as to whether the property was acquired for business purposes.[4]

To determine the incidence of the sales tax involved herein, we first look to the statutory and case law of California. *Petty v. Commissioner*, 77 T.C. 482, 485 (1981). The operative California statute during the years in question is Cal. Revenue & Taxation Code section 6051 (West Supp. 1987), which provides:

For the privilege of selling tangible personal property at retail a tax is hereby imposed on all retailers at the rate of * * * 3¾ percent on or after October 1, 1973, and to and including March 31, 1974, and at a rate of 4¾ percent thereafter.

---

[4]See *Maack v. Commissioner*, T.C. Memo. 1983-37, wherein we stated:

"Thus, for a sales tax paid in respect of a non-business purchase, the deduction does not turn upon whether the state taxing scheme imposes the tax on the purchaser or the seller, provided that the tax is separately stated. In respect of a purchase for business purposes, this uniformity of result does not obtain. Unless the tax is imposed on the business purchaser by state law, subsection (b)(5) does not apply to render the tax deductible under subsection (a)(4), and the general principles developed under section 162(a) will determine the deductibility of the tax. [45 T.C.M. 553, 554, 52 P-H Memo T.C., par. 83,037, at 83-111—112-83, (1983).]"

Therefore, if a sales tax is paid with regard to non-business purchases, the deductibility of the tax does not turn on the imposition of the tax on the consumer or retailer, as long as the tax is separately stated. If the purchase is made for business purposes, then unless the tax is imposed on the consumer, the tax is not deductible. In such instance, if the tax is incurred in the acquisition of a capital asset, the tax would have to be capitalized and recovered through depreciation deductions. See sec. 164(a)(4) and sec. 162(a).

Collection of the tax by the retailer is "from the consumer in so far as it can be done." Cal. Rev. & Tax. Code sec. 6052 (West Supp. 1957).

The California State courts have held that for State purposes the incidence of the State sales tax is on the retailer, not on the consumer (*Western Lithograph Co. v. State Board of Equalization*, 11 Cal. 2d 156, 78 P.2d 731 (1938); *Hibernia Bank v. State Board of Equalization*, 166 Cal. App. 3d 393, 212 Cal. Rptr. 556 (1985); *Occidental Life Insurance Co. v. State Board of Equalization*, 135 Cal. App. 3d 845, 185 Cal. Rptr. 779 (1982)); and that the retailer can recoup payment of the tax from the consumer to the extent such recoupment does not infringe upon the consumer's existing contractual or constitutional rights (*De Aryan v. Akers*, 12 Cal. 2d 781, 87 P.2d 695 (1939), cert. denied 308 U.S. 581 (1939)). However, in *Diamond National Corp. v. State Board of Equalization*, 425 U.S. 268 (1975), the U.S. Supreme Court in a per curiam opinion held that the incidence of the California sales tax fell upon the consumer and accordingly reversed the California Court of Appeal's determination that a national bank was not exempt from the California sales tax under former 12 U.S.C. sec. 548 (1964).

Subsequent to the Supreme Court's decision in *Diamond National Corp. v. State Board of Equalization*, section 1656.1 was added to the California Civil Code. That section purported to allow the parties (i.e., retailer and purchaser) to decide who would pay the California sales tax. The pertinent part of California Civil Code section 1656.1 (West Supp. 1987) provides as follows:

§ 1656.1 Sales tax reimbursement to retailer; addition to sales price; rebuttable presumptions; schedule

(a) Whether a retailer may add sales tax reimbursement to the sales price of the tangible personal property sold at retail to a purchaser depends solely upon the terms of the agreement of sale. It shall be presumed that the parties agreed to the addition of sales tax reimbursement to the sales price of tangible personal property sold at retail to a purchaser if:

(1) The agreement of sale expressly provides for such addition of sales tax reimbursement;

(2) Sales tax reimbursement is shown on the sales check or other proof of sale; or

(3) The retailer posts in his premises in a location visible to purchasers, or includes on a price tag or in an advertisement or other printed material directed to purchasers, a notice to the effect that reimbursement for sales tax will be added to the sales price of all items or certain items, whichever is applicable.

The United States Court of Appeals for the Ninth Circuit,[5] in *United States v. California State Board of Equalization*, 650 F.2d 1127 (9th Cir. 1981), affd. 456 U.S. 901 (1982), rehearing denied 456 U.S. 985 (1982), reviewed the changes made in the California sales tax statute since *Diamond National Corp.* and concluded that the California statutory scheme of the tax manifested a legislative intent that the consumer pays the sales tax.[6] The Ninth Circuit held that the seeming neutrality of California Revenue & Taxation Code section 1656.1 (West Supp. 1987) was illusory, and that in reality, the legal incidence of the California sales tax was upon the consumer, not the retailer.[7] Thus, the California State courts and the Ninth Circuit have conflicting views as to whom (i.e., retailer or consumer) the incidence of the California sales tax falls.

Respondent contends that both *Diamond National Corp.* (involving sales to a national bank) and *California State Board of Equalization* (involving the lease of personal property to the United States) are narrow in scope and are not applicable to the instant situation. We reject this contention and believe these cases are equally determinative

---

[5]Any appeal in this case would lie with the Ninth Circuit.

[6]*United States v. California State Board of Equalization*, 650 F.2d 1127 (9th Cir. 1981), affd. 456 U.S. 901 (1982), involved the imposition of the sales tax on gross rentals paid by the United States on leasing data processing and other equipment from lessors in California.

[7]The Court, in support of its finding with regard to the effect of the taxing scheme, stated:

"The seeming neutrality of section 1656.1 is rendered illusory, however, by the interaction of California Revenue and Taxation Code sections 6012 and 6051. As noted above, the sales tax is levied on the seller's gross receipts. Cal. Rev. and Tax. Code § 6501 (West Supp. 1980), which are measured by the total lease price. See *id; Regulation 1660*. If the lessor requires the lessee to pay the tax, the amount of the tax is deducted from the lessor's gross receipts. If the lessor pays the tax himself—absorbs the tax—and passes the economic burden of the tax on to the lessee as an increase in the lease price, the amount of the tax paid by the lessor is not deducted from his gross receipts. Since the sales tax is levied on the basis of the lessor's gross receipts, the lessor must remit a larger sum of money to the state as taxes if he absorbs the tax himself than if he collects the tax from the lessee. Therefore, the lessor maximizes his profit only if he separately states and collects the tax from the lessee. * * * [*United States v. California State Board of Equalization*, 650 F.2d at 1131-1132.]

It should be noted that when the various California tax statutes use the words "seller" or "retailer", lessors are included. As such, the terms are interchangeable within the context of the statutes, and as we have used them here. See Cal. Rev. & Tax. Code sec. 6006(g) (West Supp. 1980).

of the incidence of the State sales tax for purposes of the deduction under section 164(a)(4).

Following the principle established in *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we shall apply herein the view of the Court of Appeals for the Ninth Circuit. We thus hold that for Federal purposes the legal incidence of the California sales tax falls on the consumer; accordingly, the sales taxes paid by petitioners with respect to both boats are deductible by them under section 164.

In view of our finding, we need not reach petitioners' alternative argument. As we have found for petitioners with respect to the sales tax issue, the addition determined by respondent for negligence with regard to this issue under section 6653(a) goes by the wayside.

To reflect the foregoing and the concessions by the parties,

*Decision will be entered under Rule 155.*