DAVID B. DOWNING and SANDRA DOWNING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Downing v. Commissioner
Docket No. 6312-87
United States Tax Court
T.C. Memo 1989-447; 1989 Tax Ct. Memo LEXIS 447; 57 T.C.M. (CCH) 1379; T.C.M. (RIA) 89447; August 22, 1989
David B. Downing and Sandra Downing, pro se. Robert Misey, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1983 of $ 3,825. After concessions, the issues for decision are: (1) Whether petitioners are entitled to deduct depreciation expense in 1983 attributable to their 1963 Ford truck; (2) whether petitioners are entitled to an investment tax credit and to deduct depreciation and repair expenses attributable to a 1980 Chevrolet Corvette; and (3) whether petitioners properly computed the depreciable basis of their 1982 Datsun truck. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioners *450 resided in Woodland Hills, California. During 1983, petitioner Sandra Downing (Mrs. Downing) worked as an office manager for an accounting firm and petitioner David B. Downing (Mr. Downing) was in the landscaping and tree service business. In March 1981, petitioners purchased and placed in service a 1963 Ford truck. The truck was used in the landscaping and tree service business to haul heavy loads of dirt, sod, trees, etc. In April 1982, the truck broke down and was no longer used in the business. It was replaced in that month with a 1973 Chevrolet truck. In January 1983, petitioners acquired a 1980 Chevrolet Corvette. During 1983, Mrs. Downing used the Corvette to commute daily to and from work and to run personal errands. On weeknights and weekends, Mr. Downing would sometimes leave his 1982 Datsun truck at home and use the Corvette to give estimates and collect money. In August 1982, petitioners purchased the 1982 Datsun truck for $ 7,928.00, plus California State sales tax of $ 476.88 and licensing and dealer fees of $ 185.00. The total purchase price of $ 8,589.88 was paid for with a cash down payment of $ 1,090.00, the trade-in of a 1978 Datsun at a net agreed value *451 of $ 184.01 (agreed value of $ 2,000.00 less lien of $ 1.815.99), and a promissory note with a principal balance of $ 7,315.87. On their 1983 return, petitioners reported that the cost or other basis of the 1982 Datsun truck was $ 12,257.00, and claimed a depreciation expense deduction of $ 4,658.00. OPINION The first issue for decision is whether petitioners are entitled to deduct depreciation expense in 1983 attributable to their 1963 Ford truck. Petitioners bear the burden of proof as to all issues before us. Rule 142(a). [1]
On their 1983 return, petitioners claimed $ 500 of depreciation expense attributable to the 1963 Ford truck, which respondent disallowed. Respondent contends that the truck was broken down and not used in Mr. Downing's business during 1983, and that petitioners are thus not entitled to depreciation expense deductions in such year. A taxpayer is allowed *452 as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) of property used in the taxpayer's trade or business. Secs. 167(a)(1) and 168(c)(1). The period for depreciation of an asset begins when it is placed in service and ends when it is retired from service. Sec. 1.167(a)-10(b), Income Tax Regs.
Mr. Downing ceased using the 1963 Ford truck in his business in April 1982. Since the truck was neither used or available for use by Mr. Downing in his business in 1983, we hold that petitioners are not entitled to deduct depreciation expense attributable to the truck in 1983. The second issue for decision is whether petitioners are entitled to an investment tax credit and to deduct depreciation and repair expenses attributable to a 1980 Chevrolet Corvette. On their 1983 return, petitioners claimed an investment tax credit of $ 389, depreciation expense of $ 3,238, and repair expenses of $ 539 attributable to the Corvette, which respondent has disallowed. Respondent contends that the Corvette was not used in Mr. Downing's business, and that petitioners are thus entitled *453 neither to the investment tax credit nor to deduct the depreciation and repair expenses in 1983. On their return, petitioners claimed that the Corvette was used entirely for business purposes. At trial, Mr. Downing submitted a computation showing that one-half of the Corvette's mileage in 1983 was for business purposes. However, Mr. Downing testified at trial that the actual business use of the Corvette was less than one-half; perhaps 40 percent. A taxpayer's property does not qualify for the investment tax credit allowed by section 38 unless such property is also subject to an allowance for depreciation. Sec. 1.48-1(b), Income Tax Regs. Repair expenses are deductible if they represent ordinary and necessary business expenses. Sec. 162(a); sec. 1.162-4, Income Tax Regs. In general, however, no deduction is allowed for personal, living, or family expenses. Sec. 262. A taxpayer's costs of commuting to his or her place of business or employment are personal expenses which are not deductible. Sec. 1.262-1(b)(5), Income Tax Regs.
*454 During 1983, Mrs. Downing used the Corvette to commute daily to and from work and to run personal errands. On weeknights and weekends, Mr. Downing would sometimes leave his 1982 Datsun truck at home and use the Corvette to give estimates and collect money. However, his shifting position as to the actual business use of the Corvette leaves the Court with an insufficient basis with which to make an allocation between the business and personal use of the Corvette under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Accordingly, we uphold respondent's determination as to this issue. The third and final issue for decision is whether petitioners properly computed the depreciable basis of their 1982 Datsun truck. Petitioners contend that the correct depreciable basis of the 1982 Datsun truck is $ 12,257.00, made up of the alleged cost of the 1978 Datsun of about $ 6,000.00 plus other consideration (i.e., cash and a promissory note) given for the 1982 Datsun truck. Thus, petitioners imply that the acquisition of the 1982 Datsun truck was a so-called "like-kind exchange" governed by section *455 1031. In contrast, respondent argues that the depreciable basis of the 1982 Datsun truck is $ 8,404.88, made up of the vehicle's price of $ 7,928.00 plus California State sales tax of $ 476.88. Respondent also contends that the traded 1978 Datsun was not used in Mr. Downing's business, and thus section 1031 does not apply. Section 1031(a) provides an exception from the general rule requiring the recognition of gain or loss upon the sale or exchange of property. Under section 1031(a), no gain or loss is recognized if property held for productive use in trade or business or for investment is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment. Sec. 1.1031(a)-1(a), Income Tax Regs. No gain or loss is recognized if "a taxpayer exchanges property held for productive use in his trade or business, together with cash, for other property of like kind for the same use, such as a truck for a new truck or a passenger automobile for a new passenger automobile to be used for a like purpose * * *." *456 Sec. 1.1031(a)-1(c), Income Tax Regs. The basis of property acquired is the same as the property transferred, increased by the amount of additional consideration given. Sec. 1031(d); sec. 1.1031(d)-l(a), Income Tax Regs. Mr. Downing testified at trial that his accountant "took what I [Mr. Downing] paid for the other Datsun that I had, which I lost $ 4,000 on the trade-in, because I paid, I think, $ 6,000 for it, and he had allowed me $ 2,000 on the-trade-in." The fact that the basis of the 1978 Datsun at the time of trade was its purchase cost (not adjusted for depreciation) indicates to the Court that it was not used in Mr. Downing's business. Accordingly, section 1031 does not apply. Even assuming the 1978 Datsun was used in Mr. Downing's business, petitioners also failed to present any evidence (other than Mr. Downing's uncertain testimony) as to the basis of the traded 1978 Datsun, which is necessary to establish the depreciable basis of the 1982 Datsun truck under section 1031. As a general rule, the basis of property is its cost. Sec. 1012. The *457 cost is the amount paid for such property in cash or other property. Sec. 1.1012-1(a), Income Tax Regs. A taxpayer is generally allowed a deduction for State and local general sales taxes imposed on the taxpayer and paid within the taxable year. Sec. 164(a)(4); Armentrout v. Commissioner, 43 T.C. 16, 19 (1964). [2] The California State sales tax is a tax imposed upon the consumer. Bailey v. Commissioner, 88 T.C. 900 (1987). However, if a tax is paid in connection with the purchase of a capital asset for business purposes, the tax would have to be capitalized and recovered through depreciation. Bailey v. Commissioner, supra at 903 n. 4, citing Maack v. Commissioner, T.C. Memo. 1983-37. Respondent argues that the depreciable basis of the 1982 Datsun truck is $ 8,404.88, made up of the vehicle's price of $ 7,928.00 plus California State sales tax of $ 476.88. The sales tax was *458 paid by petitioners in connection with the purchase of the 1982 Datsun truck, and is thus to be included in depreciable basis together with the truck's purchase price. Neither party has specifically addressed whether the $ 185.00 in licensing and dealer fees should be capitalized as part of cost basis. We assume that such costs were either already deducted by petitioners or are not capital in nature. Accordingly, we hold for respondent on this issue. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for 1983.↩
2. The Tax Reform Act of 1986, Pub. L. 99-514, section 134, 100 Stat. 2085, 2116, repealed the deduction for State and local sales taxes, effective for taxable years beginning after December 31, 1986.↩