CALIFORNIA CREDIT UNION
LEAGUE, Plaintiff–
Appellee,

v.

CITY OF ANAHEIM, Defendant–
Appellant.

No. 95–55205.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1996.

Decided Sept. 9, 1996.

Moses W. Johnson, Deputy City Attorney, Anaheim, California, for defendant-appellant.

Thomas H. Ott, Janine R. Menhennet, Ott & Horowitz, Glendale, California, for plaintiff-appellee.

Before: BEEZER and BRUNETTI, Circuit Judges, and TANNER,* District Judge.

BRUNETTI, Circuit Judge:

The City of Anaheim ("Anaheim") appeals the district court's grant of summary judgment in favor of the California Credit Union League ("League"). The League successfully sought a declaratory judgment that the city's application of its transient occupancy tax to credit union employees staying in local hotels violated 12 U.S.C. § 1768. Both parties agreed before the district court that the case should be resolved by summary judgment. The district court awarded summary judgment to the League. After reviewing *de novo*, *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995), we affirm.

---

* Hon. Jack E. Tanner, Senior United States District Judge for the Western District of Washing-    ton, sitting by designation.

## I.

There is little dispute about the facts of this case. In November of 1993, federal credit union employees stayed at the Disneyland Hotel in Anaheim. The employees were attending a credit union seminar and thus were on credit union business. The employees were assessed a transient occupancy tax pursuant to Anaheim Municipal Code Chapter 2.12. The code defines a transient as anyone occupying a hotel room for thirty days or fewer. The tax is 13% of the rate charged by the hotel.

## II.

■■ 12 U.S.C. § 1768 confers upon federal credit unions broad immunity from federal, state, and local taxation:

The Federal credit unions organized hereunder, their property, their franchises, capital, reserves, surpluses, and other funds, and their income shall be exempt from all taxation now or hereafter imposed by the United States or by any State, Territorial, or local taxing authority; except that any real property and any tangible personal property of such Federal credit unions shall be subject to ... taxation to the same extent as other similar property is taxed. . . .

12 U.S.C. § 1768 (1994). Independent of the protection afforded by Section 1768, courts have generally considered federal credit unions to be instrumentalities of the federal government and thus immune from state taxation under the supremacy clause. *See, e.g., T I Fed. Credit Union v. DelBonis,* 72 F.3d 921, 934 (1st Cir.1995); *United States v. State of Michigan,* 851 F.2d 803, 807 (6th Cir.1988). Relying on our decision in *Jesinger v. Nevada Federal Credit Union,* 24 F.3d 1127, 1132 (9th Cir.1994), the National Institute of Municipal Officers ("cities") argues, in an amicus brief, that federal credit unions are not instrumentalities of the United States.[1] Because courts have considered the immunity afforded by Section 1768 to be coterminous with that afforded by the supremacy clause, we do not address the cities'

argument. *See Michigan,* 851 F.2d at 805 n. 1, 807; *United States v. State of Maine,* 524 F.Supp. 1056, 1058–1060 (D.Me.1981). If credit unions would be immune from local taxation were they to be considered an instrument of the federal government, then regardless of the instrumentality question they are immune from local taxation under Section 1768. *See Michigan,* 851 F.2d at 807.

■ Appellant, appellee, and many of the amici focus on whether the incidence of the Anaheim tax falls on the credit union or the employees. That indeed has been the test this court and the Supreme Court have applied when considering whether sales and other taxes on **independent** subcontractors of the United States are unconstitutional. *See, e.g., United States v. State Tax Comm'n of Miss.,* 421 U.S. 599, 608, 95 S.Ct. 1872, 1878, 44 L.Ed.2d 404 (1975); *United States v. California State Bd. of Equalization,* 650 F.2d 1127, 1130–31 (9th Cir.1981), *aff'd,* 456 U.S. 901, 102 S.Ct. 1744, 72 L.Ed.2d 157 (1982). Even if the legal incidence of a tax falls on contractors or individuals, however, the question remains whether those parties are independent entities of the United States. *United States v. New Mexico,* 455 U.S. 720, 738, 102 S.Ct. 1373, 1384–85, 71 L.Ed.2d 580 (1982). If they are not independent, the tax is invalid because it is a tax on the United States and thus the question of where the incidence of taxation lies is moot. *See id.*

In *New Mexico,* the Supreme Court, noting "the confusing nature of our precedents," concluded that the essence of the federal government's tax immunity is a prohibition against states assessing taxes "directly upon the United States." 455 U.S. at 733, 102 S.Ct. at 1382. Immunity from state or local taxation is only appropriate "when the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." *Id.* at 735, 102 S.Ct. at 1383. To avoid paying state or local taxes, "a private taxpayer must actually stand in the

---

1. Before the district court, Anaheim conceded that federal credit unions are instrumentalities of the federal government. Anaheim has not changed its position before this court.

Government's shoes." *Id.* at 736, 102 S.Ct. at 1383 (internal citations omitted). *See also United States v. County of San Diego,* 965 F.2d 691, 697 (9th Cir.1992) (quoting *New Mexico* ).

The Supreme Court in *New Mexico* rejected the federal government's argument that contractors are not separate entities of the United States:

> The contractors here are privately owned corporations; [g]overnment officials do not run their day-to-day operations nor does the Government have any ownership interest. In contrast to federal employees, then, Sandia and its fellow contractors cannot be termed constituent parts of the Federal Government. It is true, of course that employees are a special type of agent, and like the contractors here employees are paid for their services. But the differences between an employee and one of these contractors are crucial. The congruence of professional interests between the contractors and the Federal Government is not complete; their relationships with the Government have been created for limited and carefully defined purposes.

*Id.* at 740–41, 102 S.Ct. at 1386 (internal citations omitted).

The Court's analysis in *New Mexico* compels the conclusion that federal employees are constituent parts of the United States, at least with respect to their professional duties. *See id.* When acting on behalf of the federal government, the congruence between the professional interests of the employee and those of the government is complete. *See id.*

Because the federal credit unions' employees were attending to credit union business while staying at the Disneyland Hotel in Anaheim, they were "constituent parts" of the credit union and immune from Anaheim's transient occupancy tax under Section 1768. *See id.* Cf. *United States v. County of Fresno,* 429 U.S. 452, 465–66, 97 S.Ct. 699, 706–07, 50 L.Ed.2d 683 (1977). In *Fresno,* the Supreme Court held that employees of the Forest Service could be taxed for their possessory interest in houses on federal land. 429 U.S. at 465–66, 97 S.Ct. at 706–07. The Court stressed that the housing was of per-

sonal benefit to the employees since everyone has to pay for housing. *Id.* Unlike the Forest Service employees in *Fresno,* the employees of the credit unions pay for housing elsewhere and had to bear the additional cost of staying in Anaheim solely because they were in the city on credit union business. *See* 429 U.S. at 465–66, 97 S.Ct. at 706–07. Therefore, Anaheim's application of its transient occupancy tax to those employees violated Section 1768.

AFFIRMED.